# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN M. GREGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:08-cv-160 |
| LOCAL 305 IBEW, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION & ORDER

Before the Court is a motion for a temporary restraining order (Docket # 40), which the Court deemed to be a motion for a preservation order under Federal Rule of Civil Procedure 26(f)(2) (Docket # 42), filed by *pro se* Plaintiff Kevin M. Gregg. Oral argument was heard on the motion on December 4, 2008.[1] (Docket # 47.)

In his motion and at the hearing, Plaintiff voiced his "concern" that Defendants may destroy documents relevant to this lawsuit during Defendants' routine document-purging process. Consequently, he seeks an order from this Court directing Defendants to refrain from altering, modifying, or tampering with its policies or employee records.

In response, at the hearing Defendants' counsel stated that they are well aware of Defendants' duty to preserve evidence. *See generally Zubulake v. UBS Warburg LLC (Zubulake IV)*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("Once a party reasonably anticipates ligation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to

---

[1] At the hearing, Plaintiff acknowledged that the Court correctly perceived his request as one for a preservation order and not a motion for a temporary restraining order.

ensure the preservation of relevant documents."). They emphasized that a preservation order is not warranted in this instance given Plaintiff's failure to produce any evidence that suggests Defendants do not intend do comply with their preservation obligation. More pointedly, Defendants' counsel assert that Plaintiff's "concern" amounts to nothing more than mere speculation.

Indeed, "[p]reservation orders are burdensome and expensive and in the absence of a clear need should not be lightly entered." *Valdez v. Town of Brookhaven*, No. CV 05-4323(JS)(ARL), 2007 WL 1988792, at *2 (E.D.N.Y. July 5, 2007) (citing *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370-71 (S.D.N.Y. 2006)). Here, Plaintiff has not produced any evidence that suggests Defendants have not complied or do not intend to comply with their duty to preserve evidence. Clearly, the entry of a preservation order is not warranted in this instance. *See, e.g., id*. (denying plaintiff's request that the court direct defense counsel to send out a litigation hold notice to defendant's employees where plaintiff's basis for the request was simply a comment by defense counsel that defendant had "a history of terrible record keeping"); *see generally Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004) ("[W]here the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific significant, imminent threat of loss, a preservation order usually will not be justified.").

Consequently, Plaintiff's request for a preservation order (Docket # 40) is DENIED.

SO ORDERED.

Entered this 8th day of December, 2008.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge