# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN M. GREGG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:08-cv-160 |
| | ) |
| LOCAL 305 IBEW, et al., | ) |
| | ) |
|     Defendants. | ) |

## OPINION & ORDER

The parties have submitted a "Second Report of the Parties' Planning Meeting" (DE# 54) following a scheduling conference held on January 14, 2009. At the conference, the deadlines recited in the Second Report were discussed and approved, but the parties were instructed to attempt to reach an agreement concerning the "Nature of Production of E[lectronically] S[tored] I[nformation]" (Defendant's proposal #1) and the "Cost and Burden of Producing Electronic Discovery" (Defendant's proposal #2). The parties did in fact reach agreement on Defendant's proposals ## 3, 4, and 5 as set out in the Second Report and those are hereby approved.

The *pro se* Plaintiff's concern about the production of ESI is apparently somewhat related to those he expressed in connection with his request for a preservation order addressed in the Court's December 17, 2008, Opinion and Order. (DE# 50) In short, the Plaintiff wishes for the Defendants to provide him with hard copies of anything he requests in discovery as he is concerned about such things as alterations, computer viruses, and the incompatibility of operating systems. See Report pp. 3-4.

As far as can be determined, the Defendants do not necessarily object to producing hard

copies, but apparently want to cap their production at 500 pages with any additional documents to be produced on a CD or DVD. (See Defendant proposal # 1).

The Court does not see the need to address these issues now, however, because the production of documents is governed by Federal Rule of Civil Procedure 34. In particular, Fed. R. Civ. P. 34(b) allows, but does not require, the requesting party to specify the form in which he is requesting electronic data, and that could be by hard copy. The responding party can then either produce the documents in that form or object and specify a different form. *Id.* Any disputes concerning the request or the response must be addressed in a meet-and-confer conference under Fed. R. Civ. P. 37(a)(2)(B) and before they are brought to the Court. See also, Local Rule 37.1.

The likelihood of any dispute will probably turn on what is requested and that is not something the Court can address in a vacuum or at this stage, even predict.

Accordingly, the Court approves the Second Report of the Parties' Planning Meeting and makes it an order of the Court, provided however that the Court is not approving Defendant's proposals ## 1 and 2. Fed. R. Civ. P. 34 will govern the production of electronically stored information. The last date for the completion of all discovery is September 30, 2009.

SO ORDERED.

Entered this 22nd day of January, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge