# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN M. GREGG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 1:08-CV-160 PS |
| LOCAL 305 IBEW, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

*Pro se* Plaintiff Kevin Gregg claims, among other things, that he was the victim of discrimination due to his race while he was a union apprentice in the Fort Wayne Joint Electrical Apprenticeship Program (JATC). He has sued, among other people, the JATC and the International Brotherhood of Electrical Workers, Local Union No. 305 ("IBEW"). In its Motion for Judgment on the Pleadings, IBEW seeks judgment in its favor on the Title VII claim. (DE 110; DE 111.) For the following reasons, IBEW's motion is denied.

## BACKGROUND

In his Third Amended Complaint, Gregg has brought a battery of claims against a number of defendants. But the one that is presently before the court is the Title VII discrimination claim against the IBEW. According to the operative complaint, Gregg was an apprentice of the JATC and a member of IBEW. Gregg alleges that he was harassed, treated differently from others, and ultimately terminated from the apprenticeship program and the IBEW for violating an unwritten cellular phone policy that white apprentices were not subject to. (DE 96, at 3.)

Before filing the initial complaint in this case, Gregg filed a charge of discrimination

with the EEOC, naming "JATC of the IBEW Local Union 305" as his employer. In the EEOC charge, Gregg alleged that he was employed by IBEW, and that he was subject to harassment, disparate treatment, and ultimately termination from the apprenticeship program because of his race. (DE 96, Ex. A.) He specifically states that "the Union" denied him an opportunity to defend himself and that "the Union" failed to reconsider his termination. (*Id.*) On March 31, 2008, the EEOC issued a Dismissal and Notice of Rights to Gregg, and then Gregg timely filed this lawsuit.(DE 96, Ex. B.) The EEOC sent a copy to John Nesbitt, JATC's training director, to the JATC at 138 Chambeau Road, Fort Wayne, Indiana 46825. (*Id.*) The IBEW's address is next door – 136 Chambeau Road, Fort Wayne, Indiana 46825. (DE 109, at 3.) There is an obvious connection between the IBEW and the JATC since IBEW appointed three of the JATC trustees between July 1, 2006 and June 30, 2007. (*Id*. at 9.)

## **DISCUSSION**

IBEW seeks dismissal of the Title VII claims in the Third Amended Complaint, claiming that Gregg failed to exhaust his administrative remedies because IBEW was not separately named in the EEOC complaint. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. When ruling on a Rule 12(c) motion, I must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In considering such a motion, I must apply the same legal standards that govern motions to dismiss under Rule 12(b)(6) for failure to state a claim on which relief may be granted. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir 2003).

2

The Supreme Court has retooled its interpretation of the pleading standards in recent years, beginning with its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and brackets omitted). More recently, the Court readdressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).[1] Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950. And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported only by mere conclusory statements. *Id*. However, *pro se* complaints, like the one filed here, are read much more broadly and are given more of the benefit of the doubt. *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).

IBEW seeks judgment in its favor on the Title VII claim on the sole ground that Gregg did not exhaust his administrative remedies. In particular, IBEW points out that Gregg's EEOC filing named "JATC of the IBEW Local Union 305," and not IBEW separate and apart from the apprenticeship program. (DE 111, at 2.) The general rule is that parties that are not named as a respondent in an EEOC charge cannot be sued under Title VII. *Tamayo v. Blagojevich*, 526 F.3d

---

[1] *Iqbal* also expressly held what many courts have presumed since *Bell Atlantic* was decided: *Bell Atlantic* is not limited to antitrust cases; it applies to all civil actions. *See* 129 S. Ct. at 1953.

1074, 1089 (7th Cir. 2008). But this requirement is not jurisdictional, and it is subject to defenses such as waiver and estoppel. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).

An exception to this rule also arises "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings." *Id.*; *Eggleston v. Chicago Journeymen Plumbers Local Union No. 130*, 657 F.2d 890, 905-06 (7th Cir. 1981). But the opportunity to participate is necessary, and even in instances where parent corporations are not named while subsidiaries are named, the parent corporation must have the opportunity to participate in the EEOC proceeding. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001).

The Seventh Circuit considers a four prong test to determine whether a plaintiff can be excused for the failure to name a defendant in an EEOC charge. *Eggleston*, 657 F.2d at 905-06. The factors, which are considered independently, are: (1) whether the role of the unnamed party is ascertainable at the time of the EEOC filing; (2) whether the interests of the named party are so similar to that of the unnamed party that for purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether absence from the EEOC proceedings resulted in actual prejudice to the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Eggleston*, 657 F.2d at 908.

In this case, it is not clear that IBEW did not have adequate notice and an opportunity to participate in conciliation proceedings. IBEW alleges that because JATC is a "distinct legal entity" from IBEW, it did not receive notice. (DE 111, at 5.) But the fact that they are separate

4

legal entities does not end the inquiry of notice and the opportunity to participate in conciliation. As IBEW acknowledged, Gregg references IBEW in the charge by listing "JATC of the IBEW Local Union 305" on the form. Gregg also repeatedly refers to "the Union" in his EEOC filing. Finally, IBEW board members picked multiple IBEW members to serve as JATC's trustees during Plaintiff's time of employment. In Plaintiff's response brief, he refers to the naming problem as a "syntax identity error," suggesting that he may not have realized how to refer to the union in the EEOC filing. (DE 119, at 3.) And John Nesbitt, JATC's training director, received the EEOC notice at the address next door to IBEW.

It seems rather clear that there are close ties between the named and unnamed defendants in this case. The presence of IBEW's name on the form, Plaintiff's repeated reference to "the Union" in his EEOC filing, John Nesbitt's receipt of the form at a location immediately adjacent to the IBEW, and JATC's management by multiple IBEW members suggest a very close tie between these two entities. *See e.g. Garner v. Knoll Brothers*, 962 F.Supp. 115, 118 (N.D. Ind. 1997). So these facts weigh in Gregg's favor when considering prongs one and two from *Eggleston*. As to prong three, IBEW does not allege actual prejudice from not being formally named in the EEOC complaint, and that is telling. So that factor cannot favor IBEW. As for the fourth factor, whether IBEW indicated to Gregg that JATC was the proper place to lodge complaints, neither party presents any information on this point. At the very least, this presents an issue of fact.

In sum, I am not convinced at this point that the IBEW did not receive notice of the EEOC charge or the opportunity to participate in those proceedings. Given Gregg's *pro se* status, he is entitled to some leeway in meeting Title VII's administrative requirements. Thus,

the Title VII claims cannot be dismissed on a motion for judgment on the pleadings. Perhaps more will be revealed at the summary judgment stage of this litigation, but for now, the Court **DENIES** IBEW's Motion for Judgment on the Pleadings.

    **SO ORDERED**.

    ENTERED: August 18, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
