UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN M. GREGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:08-CV-160 PS |
| | ) |
| LOCAL 305 IBEW, *et al*., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

*Pro se* Plaintiff Kevin Gregg claims he was the victim of discrimination due to his race while he was a union apprentice in the Fort Wayne Joint Electrical Apprenticeship Program. His Third Amended Complaint seeks relief under Title VII for alleged racial discrimination in employment. He also tacks on claims under 42 U.S.C. § 1981 for alleged racial discrimination in the making and enforcing of contracts. Finally, he has brought a claim under the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411 et seq. Presently before the court is a Motion to Dismiss filed by two of the individually named Defendants, John Nesbitt and Dave Lovitt. (DE 107; DE 108.) For the following reasons, the Motion to Dismiss is Denied as to the 42 U.S.C. § 1981 claim but granted as to the Title VII and LMRDA claims.

## BACKGROUND

Gregg filed his initial complaint naming the Local 305 of the International Brotherhood of Electrical Engineers as well as John Nesbitt, Dave Lovitt, and Brandon Menier as defendants. (DE 1.) He amended his complaint, adding the Fort Wayne Electrical Joint Apprenticeship Training Committee, Inc.("JATC") as a defendant. (DE 30.) He then amended his complaint once again in November, this time to add new claims. (DE 37.) Finally, on May 26, 2009, I

permitted Gregg to file a Third Amended Complaint, but I included a warning to Gregg that I would not permit additional amendments. (DE 95; DE 96.)

Gregg's Complaint alleges that the Defendants discriminated against him on the basis of his race. Gregg was an apprentice of the Fort Wayne Joint Apprenticeship Training Committee ("JATC"), where John Nesbitt was the training director and Dave Lovitt was the Chairman of JATC's board. Gregg alleges that he was harassed, subjected to disparate treatment due to his race, and wrongfully terminated without a hearing after he allegedly violated a cellular phone policy that was not applied to similarly situated white apprentices. (DE 96, at 3.)

## DISCUSSION

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) meanwhile provides for the dismissal of claims that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Supreme Court has retooled its interpretation of the pleading standards in recent years, beginning with its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and brackets omitted). More recently, the Court readdressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

2

(2009) (internal quotation marks omitted).[1]  Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense.  *Id*. at 1950.  And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported only by mere conclusory statements.  *Id*.  Additionally, *pro se* complaints "are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers."  *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

As an initial matter, Plaintiff's Title VII and LMRDA claims are dismissed as to Nesbitt and Lovitt.  First, as for the Title VII claim, Gregg concedes it's a nonstarter.  In his response brief he states that he "does not reply on Title VII against these listed Defendants for these individuals."  (DE 120, at 4.)  The concession is a wise one since neither Nesbitt nor Lovitt are his "employer" as that term is used in Title VII.  *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494 (7th Cir. 1998).  As for the LMRDA claim, Gregg does not address Nesbitt and Lovitt's arguments supporting dismissal of the LMRDA claim.  As they point out, because the LMRDA provides an avenue for union members to file suit against unions, and Nesbitt and Lovitt have been named individually, dismissal of this claim is also proper.  (DE 108, at 3-5.)

Gregg's section 1981 claim presents a horse of a different color.  The requirements of a section 1981 claim are that the defendant intended to discriminate against the plaintiff on the basis of race, and that the discrimination concerned an activity enumerated in the statute**.**

---

[1] *Iqbal* also expressly held what many courts have presumed since *Bell Atlantic* was decided: *Bell Atlantic* is not limited to antitrust cases; it applies to all civil actions.  *See* 129 S. Ct. at 1953.

*Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311-12 (7th Cir. 1996). The bottom line on a section 1981 claim is that "the plaintiff must allege some facts that demonstrate that his race was the reason for the defendant's action." *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). So to survive a motion to dismiss, a plaintiff's complaint must assert that the defendants were purposefully discriminatory with respect to the plaintiff's right to make and enforce contracts, and that the discrimination was racially motivated. *See, e.g., Rivera v. Authorhouse*, No. 3:07-CV-268, 2008 WL 131046, at *6 (N.D. Ind. Jan. 10, 2008). And Plaintiffs may bring suit against individuals who personally participated in the alleged violation of section 1981. *See Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985).

Taking into consideration Gregg's *pro se* status, *see Erickson*, 551 U.S. at 93, the Third Amended Complaint sufficiently states a claim for relief under 42 U.S.C. § 1981 against Nesbitt and Lovitt. The Third Amended Complaint specifically states the following: "Plaintiff alleges that he has been discriminated on the basis of his race (Black), harassed on the basis of his race, retaliated against as a result of complaining about his Disparate and contract breach treatment." (DE 96, at 2.) Although this is conclusory, he goes on to allege specific facts involving Nesbitt and Lovitt in the alleged breach of contract and discrimination.

Plaintiff alleges that on March 21, 2007, he was terminated from the JATC and the IBEW for violating a cell phone policy, while none of the white class members were punished for violating the policy. (DE 96, at 3.) He further alleges that he was denied a fair hearing prior to his termination. (DE 96, at 4.) Plaintiff describes the contract, that he allegedly signed in 2005, as laying out the JATC's standards approved by the national level apprenticeship program. (DE 96, at 4.) Then he lists several pages of dates where allegedly discriminatory actions occurred

4

against him, involving both Nesbitt and Lovitt. (DE 96, at 6-10.) In particular, he alleges that the "Training Director" (Nesbitt) was involved in his harassment and the complaint he lodged about how the policy had been carried out. (*Id*. at 3, 6-7.) And he alleges Lovitt's involvement in refusing to provide Plaintiff a proper hearing prior to his termination. (*Id*. at 7.) By describing the pertinent contract, and alleging specific facts that indicate the Nesbitt and Lovitt knew about and participated in the alleged discrimination, Gregg has met the pleading standard for 42 U.S.C. § 1981.

The Court hereby **DENIES** Defendants Nesbitt and Lovitt's motion to dismiss as to the 42 U.S.C. § 1981 claim, and **GRANTS** Defendants' motion to dismiss as to the Title VII and LMRDA claims.

**SO ORDERED**.

ENTERED: August 18, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT