# UNITED STATES FEDERAL COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN M. GREGG, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:08-CV-00160 |
| | ) | |
| v. | ) | |
| | ) | |
| LOCAL 305 IBEW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are the following motions: (1) two motions for a protective order and to strike *pro se* Plaintiff Kevin Gregg's third set of interrogatories, one filed by Defendant IBEW Local Union No. 305 (Docket # 164) and the other filed by Defendants Fort Wayne Joint Apprenticeship Training Committee, John Nesbitt, and Dave Lovitt (Docket # 166); (2) Gregg's motion to modify the schedule (Docket # 171); (3) Gregg's motion to compel a mediation schedule (Docket # 173); and (4) Gregg's motion to sanction Defendants' counsel (Docket # 172). A hearing was conducted on the motions on November 9, 2009, and oral argument was heard. (Docket # 176.)

For the reasons stated on the record, the Court issued the following rulings:

1. Defendants' motions for protective order and to strike Gregg's third set of interrogatories (Docket # 164, 166) are each DENIED. Gregg has demonstrated good cause or excusable neglect for an extension with respect to this discovery, and he may be prejudiced if this discovery is denied. Defendants are to respond within thirty days to Gregg's third set of interrogatories; however, all further discovery with respect to all Defendants *other than* National Electrical Contractors Association ("NECA") is STAYED. Gregg will have ten days after

receiving Defendants' responses to his third set of interrogatories to file a motion to compel with respect to his first, second, or third set of interrogatories. If no motion to compel is filed within the ten days, Gregg will have waived any claim that the interrogatories are not responsive.

2. Gregg's motion to modify the schedule (Docket # 171) is DENIED. The Court will set further discovery deadlines, if necessary, after the Court rules on NECA's motion to dismiss (Docket # 131).

3. Gregg's motion to compel the mediation schedule (Docket # 173) is DENIED. Any effort to schedule mediation is premature until the Court rules on NECA's motion to dismiss (Docket # 131).

4. Gregg's motion for sanctions (Docket # 172) is DENIED, as there is no basis upon which to sanction Defendants' counsel in this case.

5. In addition, Gregg's oral request at the hearing for a free transcript of the proceeding (in actuality, a transcript at the public's expense) is DENIED. "A *pro se* civil Plaintiff, proceeding *in forma pauperis*, is not entitled by law to any transcripts free of charge." *Kot v. Hackett*, Civ. A. Nos. 92-5120, 91-3509, 1993 WL 432431, at *1 (E.D. Pa. Oct. 20, 1993). Rather, such a plaintiff is entitled to a free transcript only if he is attempting to appeal a final decision of the Court and proves that "a substantial question" would be raised by the appeal. *Id.* (citing 28 U.S.C. § 753(f)). Those circumstances do not apply at this juncture.

SO ORDERED. Entered this 9th day of November, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge