# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN M. GREGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:08-CV-160 PS |
| LOCAL 305 IBEW, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

*Pro se* Plaintiff Kevin Gregg claims he was the victim of discrimination due to his race while he was a union apprentice in the International Brotherhood of Electrical Workers, Local 305. In his Third Amended Complaint which is presently before the court, he has sued the Local 305, the apprenticeship program in which he belonged, and the National Electrical Contractors Association, Central Indiana Chapter ("NECA"). His claims are brought under Title VII, 42 U.S.C. § 1981 and 29 U.S.C. § 401. The only thing presently before the Court is NECA's Motion to Dismiss the Title VII and § 1981 claims. For the following reasons, the Motion to Dismiss is Granted.

Gregg's Complaint alleges that the Defendants discriminated against him on the basis of his race. Gregg was an apprentice of the Fort Wayne Joint Apprenticeship Training Committee ("JATC"). Gregg alleges that he was harassed, subjected to disparate treatment due to his race, and wrongfully terminated without a hearing after he allegedly violated a cellular phone policy that was not applied to similarly situated white apprentices. (DE 96, at 3.) While the complaint contains a whole lot about Local 305 and the JATC, there are not a lot of allegations concerning NECA and its alleged role in the discrimination.

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) meanwhile provides for the dismissal of claims that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Supreme Court has retooled its interpretation of the pleading standards in recent years, beginning with its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and brackets omitted). More recently, the Court readdressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).[1] Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950. But I'm mindful that *pro se* complaints "are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

**I.     Section 1981 Claim**

NECA seeks to dismiss Gregg's § 1981 claim. The requirements of a § 1981 claim are

---

[1] *Iqbal* also expressly held what many courts have presumed since *Bell Atlantic* was decided: *Bell Atlantic* is not limited to antitrust cases; it applies to all civil actions. *See* 129 S. Ct. at 1953.

2

that the defendant intended to discriminate against the plaintiff on the basis of race, and that the discrimination concerned the making and enforcement of contracts. *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311-12 (7th Cir. 1996). The bottom line on a section 1981 claim is that "the plaintiff must allege some facts that demonstrate that his race was the reason for the defendant's action." *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). So to survive a motion to dismiss, a plaintiff's complaint must assert that the defendants were purposefully discriminatory with respect to the plaintiff's right to make and enforce contracts, and that the discrimination was racially motivated. *See, e.g., Thanongsinh v. Board of Educ.*, 462 F.3d 762, 782-83 (7th Cir. 2006). And plaintiffs may bring suit against individuals who personally participated in the alleged violation of section 1981. *See Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985).

Taking into consideration Gregg's *pro se* status, *see Erickson*, 551 U.S. at 93, the Third Amended Complaint does not sufficiently state a claim for relief against NECA under 42 U.S.C. § 1981. Gregg alleges that on March 21, 2007, he was terminated from the JATC and the IBEW for violating a cell phone policy, while none of the white class members were punished for violating the policy. (DE 96, at 3.) Gregg describes the contract, that he allegedly signed in 2005, as laying out the JATC's standards approved by the national level apprenticeship program. (DE 96, at 4.) And regarding the discriminatory enforcement of the contract, he states: "Plaintiff alleges that he has been discriminated on the basis of his race (Black), harassed on the basis of his race, retaliated against as a result of complaining about his Disparate and contract breach treatment." (DE 96, at 2.)

But none of the allegations involve NECA directly. Rather, statements relating to
3

NECA's involvement in the breach are either conclusory or in reference to NECA as acting through the JATC board members. His only specific allegation about NECA's involvement is that NECA "knowingly allowed/condoned" the alleged breach of contract. (DE 96, at 4.) This is conclusory and insufficient to state a claim under § 1981.

Gregg's response states that the tie between NECA and the JATC should permit an action against NECA. (DE 140, at 7.) In particular, he attempts to tie NECA into his claim that he was denied work because of his race: "If Defendant John Nesbitt . . . actually submitted my name to the NECA contractor(s) and the contractor refused to place the black apprentice for work . . . it seems NECA would have some liability." (*Id.*) Because this allegation makes NECA responsible for the activities of the JATC, Gregg seeks to hold NECA vicariously liable for this allegation. But, as NECA points out, it cannot be vicariously liable for the JATC or its board's actions unless an agency relationship is established between NECA and those parties. (DE 132, at 7; DE 153, at 5.) An agency relationship results from "the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the others to so act." *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 392 (1982). In *General Building,* the Supreme Court held that a trade association could not be held liable under the doctrine of respondeat superior without evidence of an agency or employment relationship at the time of the acts. *General Building*, 458 U.S. at 395.

Despite Gregg's response that NECA has a contractual obligation under the local standards agreement (DE 140, at 7), he alleges no factual allegations that NECA has an agency or employment relationship with JATC or the board members. Gregg's Third Amended Complaint states that NECA "knowingly allowed/condoned (without consequence) repeated

4

harassment, disparate treatment and breach of contract . . . ." (DE 96, at 4.) Yet this statement is conclusory, and Gregg does not allege any additional facts supporting this claim. NECA thus cannot be held vicariously liable for the actions of the JATC or board members.

Without alleging specific facts that indicate NECA knew about and participated in the alleged discrimination in the enforcement of a contract, Gregg has not met the pleading standard for 42 U.S.C. § 1981, and the claim is dismissed.

## II.     Gregg's Title VII Claim

NECA also seeks to dismiss Gregg's Title VII claim. Prior to bringing a Title VII claim, a plaintiff first must file a charge with the EEOC describing the facts and circumstances constituting the alleged discriminatory conduct within the time the statute permits. *Connor v. Illinois Dep't of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Then, the EEOC must issue the plaintiff a right-to-sue letter. *Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). The general rule is that parties that are not named as respondents in an EEOC charge cannot be sued under Title VII. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008). But this requirement is not jurisdictional, and it is subject to defenses such as waiver and estoppel. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).

An exception to this rule arises "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings." *Id.*; *Eggleston v. Chicago Journeymen Plumbers Local Union No. 130*, 657 F.2d 890, 905-06 (7th Cir. 1981). But the opportunity to participate is necessary, and even in instances where parent corporations are not named while

5

subsidiaries are named, the parent corporation must have the opportunity to participate in the EEOC proceeding. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001).

The Seventh Circuit considers a four prong test to determine whether a plaintiff can be excused for the failure to name a defendant in an EEOC charge. *Eggleston*, 657 F.2d at 905-06. The factors, which are considered independently, are: (1) whether the role of the unnamed party is ascertainable at the time of the EEOC filing; (2) whether the interests of the named party are so similar to that of the unnamed party that for purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether absence from the EEOC proceedings resulted in actual prejudice to the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Eggleston*, 657 F.2d at 908.

NECA points out that Gregg did not file an EEOC charge or receive a right to sue letter against NECA, and Gregg admits that he did not include NECA as a party in his EEOC charge. (DE 132, at 5-6; DE 140, at 11.) And because NECA was not included in the EEOC charge, it didn't receive notice through a right to sue letter. (DE 96, Exhs. A, B.) Even though Gregg argues that NECA representatives were aware of the violations, Gregg does not allege facts that show NECA knew about the EEOC claim or had an opportunity to participate. (DE 140, at 11.) By attaching the EEOC charge to his complaint and by not naming NECA therein, Gregg has pleaded himself out of court as it relates to the Title VII claim against NECA. *See Tamayo*, 526 F.3d at 1086 ("a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims").

Finally, any effort to remedy his failure to name NECA in a new charge of discrimination

would be fruitless. Such a claim would be time barred at this point. (DE 132, at 7.) According to the Third Amended Complaint, the alleged discriminatory conduct last took place in 2007, and so, the 180-day rule limitations period for filing claims passed long ago. *See Volovsek v. Wisconsin Dep't of Agr., Trade and Consumer Protection*, 344 F.3d 680, 687-87 (7th Cir. 2003). The Title VII claim is therefore dismissed for failure to exhaust administrative remedies.

The Court hereby **GRANTS** NECA's motion to dismiss as to the 42 U.S.C. § 1981 and Title VII claims.

**SO ORDERED**.

ENTERED: November 18, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT