**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **KEVIN M. GREGG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CAUSE NO. 1:08-CV-00160** |
| | ) |
| **LOCAL 305 IBEW, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court in this suit alleging racial discrimination is a motion to compel and a

request for sanctions (Docket # 192), together with a supplement to the motion (Docket # 199),

filed by *pro se* Plaintiff Kevin Gregg, requesting that the Court order Defendants Fort Wayne

Electrical Joint Apprenticeship Training Committee, Inc. ("JATC"), John Nesbitt, and David

Lovitt (collectively, the "Defendants") to more fully respond to several of his interrogatories.[1]

Defendants timely responded to Gregg's motion (Docket # 207), but Gregg did not reply and the

time to do so has since expired. For the following reasons, Gregg's motion will be GRANTED

IN PART and DENIED IN PART.

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged

matter that is relevant to any party's claim or defense . . . ." For the purpose of discovery,

relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably

could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez*

*v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund,*

---

[1] Gregg alleges that Defendants discriminated against him on account of his race when he was a union apprentice in the Joint Electrical Apprenticeship Program. (*See* Docket # 1.) This Opinion and Order assumes the reader is familiar with the underlying facts of the case.

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "When the discovery sought appears relevant, the

party resisting the discovery has the burden to establish the lack of relevance by demonstrating

that the requested discovery is of such marginal relevance that the potential harm occasioned by

discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*.  The Court

will now address each of Gregg's contested interrogatories in turn.

> **A.      The Court's Orders of November 9, 2009 (Docket # 177), and December 2, 2009
> (Docket # 180)**

On November 9, 2009, the Court denied Defendants' motion to strike Gregg's third set of

interrogatories and ordered Defendants to file their responses within thirty days.  Defendants

timely did so, raising a number of objections in their responses. (Docket # 183-87.)  To the

extent Gregg is now suggesting that Defendants acted in "bad faith" or "in contempt" by

responding to his third set of interrogatories with objections, his assertion is unfounded. *See* Fed.

R. Civ. P. 33 (stating that the responding party must serve its answers *and any objections* within

thirty days after being served with the interrogatories).  Therefore, his request for sanctions

against Defendants will be DENIED.

> **B.      JATC's Answer to Interrogatory No. 1 of Gregg's Initial Set of Interrogatories
> (Docket # 75)**

Gregg attaches to his motion a letter dated August 31, 2009, suggesting that he seeks an

additional response to JATC's answer to Interrogatory No. 1 of his initial set of interrogatories.

Gregg seems to allege that JATC failed to identify with sufficient specificity which documents

the Board of Directors reviewed and who on the Board viewed each document during the March

20, 2007, meeting at which they decided to terminate him.

Gregg's request is without merit.  JATC adequately answered Interrogatory No. 1 by

identifying the names of the Board of Directors present at the meeting and by describing each

document the Directors viewed and relied upon in making the termination decision. JATC also

represents in its answer that it produced the documents as part of its response to Gregg's request

for production of documents. Therefore, to the extent Gregg is attempting to extract an

additional answer from JATC with respect to Interrogatory No. 1 of his initial set of

interrogatories, his motion to compel will be DENIED.

> **C.** **JATC's Answer to Interrogatory No. 1 of Gregg's Second Set of Interrogatories (Docket # 149); Nesbitt's Answer to Interrogatory No. 4 of Gregg's Second Set of Interrogatories (Docket # 150); and Lovitt's Answer to Interrogatory No. 1 of Gregg's Initial Set of Interrogatories (Docket # 151)**

Gregg also challenges the following answers by Defendants to his interrogatories, which

will be addressed together since they are virtually the same: (1) JATC's answer to Interrogatory

No. 1 of his second set of interrogatories; (2) Nesbitt's answer to Interrogatory No. 4 of his

second set of interrogatories; and (3) Lovitt's answer to Interrogatory No. 1 of his initial set of

interrogatories.

Defendants explain that this Interrogatory sets forth a lengthy, but incomplete, quotation

from the witness statement of Mary Trammel, a document produced by JATC. Following this

incomplete quotation, the Interrogatory to JATC and Nesbitt inquires: "When did the defendant

(JOHN NESBITT) first receive this knowledge (written or verbal) and in detail include the

following", and then sets forth four subparts asking different questions about the quotation. The

Interrogatory to Lovitt is the same, except that "(DAVE LOVITT)" is inserted for "(JOHN

NESBITT)". Defendants object to the Interrogatory on the grounds that it sets forth an

incomplete document and is vague, confusing, unintelligible, and subject to multiple

interpretations. Nevertheless, Defendants provided extensive answers to the Interrogatory,

including each of its subparts.

Gregg apparently is dissatisfied, at least in part, with Defendants' answers. In his motion to compel, Gregg attempts to restate parts of his Interrogatory in order to "clarify" it. However, at this point, his attempt simply adds more confusion to the already perplexing original Interrogatory. The Interrogatory that Defendants are charged with answering is the original Interrogatory that Gregg wrote and served upon them, not his later renditions of it. *See Shelley v. Hoenisch*, No. 08-cv-107-bbc, 2008 WL 2489927, at *2 (W.D. Wis. June 19, 2008) ("If plaintiff wants information from defendants, he must ask simple questions that are clear to the reader and can be answered with simple responses."). Defendants have sufficiently answered these Interrogatories to the extent they are understandable, and therefore Gregg's motion to compel further answers will be DENIED.

**D.      *JATC's Answer to Interrogatory No. 2 of Gregg's Second Set of Interrogatories (Docket # 149)***

Gregg also contends that JATC inadequately answered Interrogatory No. 2 of his second set of interrogatories, in particular, subpart (e). This Interrogatory states: "Define everything defendant considers apprentice liability of a disturbance, and include the following as to clarify volume, words, acts, etc...." and then sets forth five subparts. JATC object on the grounds that the Interrogatory is unintelligible, vague, and overly broad. Nevertheless, it answered the Interrogatory in detail, including each subpart.

Gregg seemingly centers his challenge on JATC's answer to subpart (e), which reads: "Did defendant give Gregg opportunity to correct his cellular & disturbance allegations?" He complains that the request requires a "yes" or "no" answer and that JATC's response, which stated that he "was given an opportunity to correct his violation of the cellular policy when he

was advised by his Instructor to leave the classroom" was nonresponsive. Gregg's assertion is baseless, as JATC adequately answered the Interrogatory. And, his attempt to expand the scope of subpart (e) by "clarifying" it in his motion to compel is not well taken. As explained earlier, JATC is only obligated to answer Gregg's original Interrogatory. *Shelley*, 2008 WL 2489927, at *2.

Therefore, Gregg's motion to compel will be DENIED with respect to Interrogatory No. 2 directed to JATC.

### E.    *Defendants' Answers to Interrogatory No. 1 of Gregg's Third Set of Interrogatories (Docket # 185-87)*

Gregg next contends that Defendants failed to adequately answer subparts (g) and (i) of Interrogatory No. 1 of his third set of interrogatories. This Interrogatory asks Defendants to "[s]pecify all related distribution details regarding the disputed "Classroom/Job Rules" policy document [KG000057] and include all of the following information . . . ." and then articulates ten subparts. Gregg takes issue with Defendants' response to subparts (g) and (i).

Subpart (g) asks "[w]hen was this document or its contents sent to NJATC and/or DOL Apprentice agency for registration and when was it 'officially' approved and made part of the registered Apprenticeship policy . . . ." Defendants answered: "Classroom/Job Rules are not required to be registered or approved and are in addition to the 'Apprenticeship Policies' that are registered with the DOL. Some of the elements of these rules were incorporated into later versions of the 'Apprenticeship Policies' after submission in summer/fall of 2007." Gregg argues that Defendants answer was incomplete, and he then attempts to expand the Interrogatory's scope through follow-up bullet points. To reiterate, Defendants are only obligated to answer Gregg's original Interrogatory. *Shelley*, 2008 WL 2489927, at *2, and

Defendants' answer sufficiently responds to the inquiry posed in subpart (g).

Subpart (i) calls for Defendants to interpret the policy's notice provisions. Defendants appropriately responded that "[t]he policy speaks for itself". *See, e.g.*, *Lindell v. Litscher*, No. 02-C-473-C, 2004 WL 3078903, at *4 (W.D. Wis. Dec. 29, 2004) (denying plaintiff's motion to compel defendant to produce "background documents" relating to a prison policy, stating that the policy "speaks for itself"). Therefore, Gregg's motion to compel with respect to Interrogatory No. 1 of his third set of interrogatories will be DENIED.

### F. *Defendants' Answers to Interrogatory No. 2 of Gregg's Third Set of Interrogatories (Docket # 185-87)*

Gregg also asserts that Defendants inadequately answered subparts (c) and (d) of Interrogatory No. 2 of his third set of interrogatories. Subpart (c) states: "Identify all known violation instances of these 'Classroom/Job Rules' reported after they had become effective . . . and specify each apprentice (other than Gregg) and their instructors['] names, their race and dates when it was first brought to your attention . . . ." JATC and Nesbitt answered that "[a]ll known violations are contained in the apprentice files" and then specifically identified a violation by May Trammel. (Docket # 185, 187.) Lovitt similarly answered that "[a]ll known violations are contained in the apprentice files" but did not identify any specific violations, stating that he had no "personal knowledge of any such complaints." (Docket # 186.)

Federal Rule of Civil Procedure 33(d) provides that if the answer to an interrogatory may be determined by examining a party's business records and the burden of ascertaining the answer is substantially the same for either party, the responding party may answer by specifying the records that must be reviewed. Here, Defendants specified the records that must be reviewed and produced them for Gregg. In addition, JATC and Nesbitt identified a specific violator.

6

Defendants' response is therefore adequate.

As to Defendants' answer to subpart (d), that too is sufficient. There Gregg asks what discipline was administered to the individuals identified in response to subpart (c). Defendants respond by referring him to their answer to subpart (c)–that is, the apprentice files–which is sufficiently responsive under Rule 33(d). Therefore, Gregg's motion to compel with respect to Interrogatory No. 2 of his third set of interrogatories will be DENIED.

### G. Defendants' Answers to Interrogatory No. 4 of Gregg's Third Set of Interrogatories (Docket # 185-87)

Gregg next challenges Defendants' Answers to Interrogatory No. 4 of his third set of interrogatories. Interrogatory No. 4 states:

> Do you believe (and were you made aware of) that the FWEJATCI apprenticeship classroom rules and policies leave room allowing way for arbitrary treatment and/or discriminatory treatment to be administered by any of their acting agents or even by the defendant themselves, if so specify which rules you are aware of which makes such leeway available, if not explain your position pursuant [to] the apprenticeship policy and include the following information in your answer.

The Interrogatory then goes on to articulate nine different subparts. Defendants object to the Interrogatory on the grounds that it is unintelligible, vague and confusing, calls for legal conclusions, calls for speculation, is unreasonably broad and burdensome, and exceeds the scope of reasonable discovery in this case.

Defendants' objections are well taken. The main body of this Interrogatory is unintelligible, vague and confusing, and calls for speculation on Defendants' part. *See, e.g.*, *Link v. Taylor*, No. 1:07-cv-338, 2009 WL 127660, at *3 (N.D. Ind. Jan. 20, 2009) (denying *pro se* plaintiff's motion to compel response to a production request where the request was incomprehensible). While the nine subparts are much more intelligible than the body of the

Interrogatory, they too call for speculation and legal conclusions by Defendants. For example,

subpart (d) states: "Does defendant consider eating and drinking in class to be a classroom

disturbance[?]" Similarly, subpart (i) states: "If a[n] apprentice brought a pistol to school or

smoked tobacco inside the apprenticeship building what would happen to that individual

pursuant to the apprenticeship policy?" Thus, the subparts fail to salvage this Interrogatory. *See,*

*e.g.*, *Strode v. Venice, IL*, No. 06-228-GPM, 2007 WL 294263, at \*7 (S.D. Ill. Jan. 30, 2007)

(denying motion to compel where interrogatories called for speculation and legal conclusions).

Again, Gregg now offers to go through the Interrogatory with Defendants to "clarify" it

for them. As stated previously, Defendants are only obligated to answer Gregg's original

Interrogatory. *Shelley*, 2008 WL 2489927, at \*2. Therefore, his motion to compel will be

DENIED with respect to this Interrogatory.

> **H.      Defendants' Answers to Interrogatory No. 5 of Gregg's Third Set of**
> **Interrogatories (Docket # 185-87)**

Gregg is also dissatisfied with Defendants' answer to Interrogatory No. 5 of his third set

of interrogatories. This Interrogatory reads:

> Explain why as to date Gregg's white classmate students who were reported to
> the FWEJATCI by Gregg in his correspondences as violating the same "alleged"
> policy Gregg violated were not requested by FWEJATCI to appear before the
> FWEJATCI board pursuant to their March 7 2009 related multiple (eating,
> drinking, cellular phone) violations as set forth in document [KG000057]?

Defendants answered:

> Board President David Lovitt advised Training Director John Nesbitt to send Mr.
> Gregg a notice to appear before the Board because he created a disturbance by
> refusing to leave his classroom when told to do so by his instructor. No other
> apprentice did that. The purpose of the special meeting of the Board of Directors
> March 12, 2007 was to review Mr. Gregg's behavior to determine whether Mr.
> Gregg would be permitted to return to class.

Thus, Defendants did indeed fully answer this Interrogatory. Their answer definitively states

that Gregg was called before the Board because he created a disturbance when he refused to

leave the classroom when requested by his instructor, and that no other apprentice did so.

Therefore, Gregg's motion to compel will also be DENIED with respect to Interrogatory No. 5.

I.      *Defendants' Answers to Interrogatory No. 6 of Gregg's Third Set of Interrogatories (Docket # 185-87)*

Interrogatory No. 6 of Gregg's third set of interrogatories consists of two rambling,

rather-unintelligible paragraphs centering on his belief that he had a right to talk with his

instructor about "intentional discriminatory mistreatment . . . [at] the scene of the crime",

seemingly in an attempt to justify why he did not leave the classroom when requested. He then

follows these lengthy paragraphs with the following subpart:

> [I]f so specify which step or procedure or policy section Gregg omitted, by which
> every apprentice under these circumstances would be expected to follow, and
> indicate the correct order or procedure pursuant to an act of a host[i]le
> discrimination related mistreatment under these circumstances and include policy
> information for supporting your position;[] if undisputed facts exist explain
> defendants['] position with those facts pursuant to this scenario.

Defendants object to the Interrogatory on the grounds that it is incomprehensible and

unintelligible, vague and confusing, calls for legal conclusion, requires speculation, is

unreasonably broad and burdensome, and exceeds the reasonable scope of discovery in this case.

Nonetheless, they offered the following answer:

> Mr. Gregg unreasonably created a disturbance when he was instructed to leave
> the classroom and refused to do so. An apprentice is expected to obey the
> directions of his instructor and to leave the classroom when instructed to do so. If
> the apprentice disagrees with the instructor, he may, after complying with the
> order of his instructor, seek review of the matter with the Training Director and/or
> with the Board.

Thus, Defendants adequately explained what steps or procedure Gregg was expected to follow

9

and what recourse he had, after complying with his instructor's order, to seek review of the

instructor's decision.

Therefore, Gregg' motion to compel with respect to Interrogatory No. 6 will be DENIED.

**J.** ***Defendants' Answers to Interrogatory No. 7 of Gregg's Third Set of***
***Interrogatories (Docket # 185-87)***

Greg next contends that Defendants failed to answer Interrogatory No. 7 of his third set

of interrogatories. This Interrogatory is comprised of an introductory paragraph essentially

asserting Gregg's belief that it was unfair for Defendants to require him to comply with his

instructor's verbal instructions to leave the classroom before he could lodge a discrimination

complaint. He then follows this paragraph with three subparts:

> a. Did Gregg violate any classroom/job rules specific to this document
> (KG000057), if so identify which specific rules and state how defendant drew that
> conclusion as pursuant to this specific document, if Gregg did not violate any
> rules state the defendant['s] basis for drawing that decision or conclusion; and

> b. Did Gregg's white classmates break any of the classroom rules pursuant to this
> specific document (KG000057)?, if so identify which ones and specifically state
> how this was concluded pursuant to this specific document, if not what is the
> basis for your decision?

> c. Did instructor Brandon Menier break any of the classroom rules pursuant to
> this specific document (KG000057), if not what is the basis for your decision and
> identify the document and specific paragraph location supporting your decision to
> be true as being a policy reason.

Defendants object to this Interrogatory on the grounds that it is incomprehensible and

unintelligible, vague and confusing, calls for legal conclusions, requires speculation, is

unreasonably broad and burdensome, and exceeds the reasonable scope of discovery in this case.

First of all, with respect to any known violations, subparts (a) and (b) appear to merely

duplicate Interrogatory No. 2(c) of Gregg's third set of interrogatories, which states: "Identify all

10

known violation instances of these 'Classroom/Job Rules' reported after they had become

effective . . . and specify each apprentice (other than Gregg) and their instructors['] names, their

race and dates when it was first brought to your attention . . . ." Defendants have already

produced all of the apprentice files, which they represent would contain the documentation of

any known violations by apprentices. *See* Fed. R. Civ. P. 33(d). And, of course, responding to

any unknown violations would call for mere speculation by Defendants. *See, e.g.*, *Strode*, 2007

WL 294263, at *7.

Furthermore, subpart (c) exceeds the reasonable scope of discovery in this case. Menier,

as Gregg's instructor, is not similarly situated to Gregg. *See Boumehdi v. Plastag Holdings, LLC*,

489 F.3d 781, 791 (7th Cir. 2007) ("A similarly situated employee is one who is directly

comparable to the plaintiff in all material aspects.") (citation and internal quotation marks and

brackets omitted); *Daniels v. Fed. Reserve Bank of Chicago*, No. 98 C 1186, 2004 WL 419796,

at *19 (N.D. Ill. Mar. 4, 2004) (noting that plaintiff conceded that her supervisors were not

similarly situated to her by virtue of their supervisory positions). Therefore, Interrogatory No. 7

of Gregg's third set of interrogatories will be DENIED.

> ### K. *JATC's and Lovitt's Answers to Interrogatory No. 8(d) of Gregg's Third Set of Interrogatories (Docket # 185-86)*

Greg also asserts that JATC and Lovitt did not fully answer Interrogatory No. 8(d) of

his third set of interrogatories. Subpart (d) reads:

> Why did FWEJATCI deny Gregg to be allowed to tape record his hearing and
> denied Gregg to have his witnesses present at the time of his hearing to establish
> his innocence and give him the opportunity to resolve the truthfulness of any
> conflicting or damaging accounting of potential adverse lies/untruths.

JATC and Lovitt object to this Interrogatory on the same grounds that they assert for

Interrogatories Nos. 6 and 7. Nonetheless, they answered the Interrogatory, penning a lengthy

paragraph in response. Gregg now asserts that JATC and Lovitt failed to adequately answer why

he was prevented from taping the special Board of Directors' meeting and why they denied him

the opportunity to present witnesses on his behalf.

JATC and Lovitt's answer is sufficient. Regarding his request to tape the hearing, they

specifically responded in their answer:

> While the Board had the right to review Mr. Gregg's continued participation in
> the program, there was no requirement that Mr. Gregg be given any kind of
> hearing or that Mr. Gregg be allowed to review the statements that were given by
> the instructors or the Training Director. Mr. Gregg had no right to record the
> meeting of the Board of Directors.

And as to witnesses, Defendants answered:

> The Board reviewed the letters submitted by Mr. Gregg and all Board members
> were free to ask questions of the witnesses who appeared. . . . . Gregg was given
> a full and fair opportunity to describe his side of the story. Mr. Gregg did not
> present any witness on his own behalf.

Thus, JATC and Lovitt adequately answered subpart (d), representing that they did not allow

Gregg to tape the meeting because he "had no right" to do so and that as they see it, he failed to

produce any witnesses on his own behalf.

Consequently, Gregg's motion to compel Interrogatory No. 8(d) will be DENIED.

### L.      *Lovitt's Answer to Interrogatory No. 9(a) of Gregg's Third Set of Interrogatories (Docket # 186)*

Gregg also challenges Lovitt's answer to Interrogatory 9(a) of his third set of

interrogatories. Interrogatory No. 9(a) states:

> Please provide why you took no action to assist Gregg in filing his grievance with the
> union or with his international union and include the following in your reply:
>
> a.      Did you communicate with anyone else pursuant to . . . Gregg's request to file a

12

grievance if so with whom and provide the specific details between each individual you discussed this matter with and what was said and done pursuant to Gregg's union grievance request.

Lovitt answered:

> Defendant David Lovitt is sued in his representative capacity as a member of the Board of Trustees of the Fort Wayne JATC. The JATC is not a signatory employer to any Collective Bargaining Agreement with the IBEW Local 305 under which any grievance could be filed. . . . .Plaintiff's interrogatory #9(a) . . . is therefore outside the reasonable scope of discovery with respect to this defendant.

While Lovitt's answer sufficiently responds to Gregg's inquiry why he did not assist Gregg in filing a grievance, it is not particularly responsive to subpart (a) in which he asks who Lovitt *communicated with* about Gregg's desire to file a grievance. It seems that this information could perhaps have some relevance to, or could lead to other information that has some bearing on, the issue of pretext. Therefore, Gregg's motion to compel with respect to Interrogatory 9(a) of his third set of interrogatories will be GRANTED.

In sum, Plaintiff's motion to compel (Docket # 192), together with his supplement to the motion (Docket # 199), is GRANTED with respect to Plaintiff's Interrogatory No. 9(a) of his third set of interrogatories directed to Defendant Lovitt but is DENIED in all other respects. Plaintiff's request for sanctions (Docket # 192) is also DENIED.

SO ORDERED.

Enter for this 9th day of February, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge