**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **KEVIN M. GREGG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-00160 |
| ) | |
| **LOCAL 305 IBEW, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is a Motion for a Protective Order and to Strike Plaintiff's Fourth Set of Interrogatories (Docket # 210) filed by Defendants Fort Wayne Electrical Joint Apprenticeship Training Committee, Inc. ("JATC"), John Nesbitt, and David Lovitt (collectively, the "Defendants") on January 29, 2010. Defendants argue that *pro se* Plaintiff Kevin Gregg has already served each of them in excess of 50 interrogatories, the limit set by this Court in its scheduling order, and thus they should not have to respond to his fourth set of Interrogatories. For the following reasons, Defendants' motion will be GRANTED.

A. Factual and Procedural Background

Gregg filed his *pro se* complaint on June 26, 2008, alleging that Defendants discriminated against him on account of his race when he was a union apprentice in the Joint Electrical Apprenticeship Program. (Docket # 1; *see also* Docket # 30, 37, 96.) On January 21, 2009, the parties filed the Second Report of Parties' Planning Meeting, which was adopted as an order of this Court the next day. (Docket # 54, 55.) In the Report, the parties agreed to a "maximum of 50 interrogatories by each party to any other party". (Report of Parties' Planning Meeting 4.)

Between January 2008 and September 2009, Gregg served JATC with three sets of Interrogatories (Docket # 56, 124, 160), Nesbitt with three sets of Interrogatories (Docket # 60, 121, 162), and Lovitt with two sets of Interrogatories (Docket # 127, 161). Defendants filed responses to all of these Interrogatories. (Docket # 74-75, 149-51, 185-87.) Then, on December 30, 2009, Gregg propounded a fourth set of Interrogatories to these three Defendants (Docket # 200), which is the subject of the instant motion.

B.  Applicable Law

Federal Rule of Civil Procedure 33(a) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, *including all discrete subparts*." (emphasis added). Here, the parties agreed, and the Court granted them leave, to propound up to 50 interrogatories per party. (Report of Parties' Planning Meeting 4.)

"[I]nterrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Holmes v. Trs. of Purdue Univ.*, No. 4:06-CV-114, 2008 WL 656263, at *2 (N.D. Ind. Mar. 5, 2008) (citing *Bell v. Woodward Governor Co.*, No. 03-C-50190, 2005 WL 3829134, at *1 (N.D. Ill. June 30, 2005) (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)). Stated another way, "if the subparts are 'directed at eliciting details concerning a common theme,' the subparts should be counted together as one interrogatory." *Jackson v. Alton & S. Ry. Co.*, No. 07-807-GPM, 2008 U.S. Dist. LEXIS 53310, at *3 (S.D. Ill. July 11, 2008) (quoting 8A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 2168.1 (2d ed.)). "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made

2

by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Theobles v. Indus. Maint. Co.*, 247 F.R.D. 483, 485 (D.V.I. Nov. 27, 2006) (quoting *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005)).

Furthermore, Federal Rule of Civil Procedure 26(c) provides that a court, upon motion by a party or person from whom discovery is sought, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . ." Rule 26(b)(2)(C) grants additional discretion to the court to limit discovery in the event that:

> (i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The Seventh Circuit Court of Appeals has confirmed that "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

C. Discussion

Defendants contend that by answering Gregg's previous sets of Interrogatories, they have each actually responded to well over *twice* the Court-imposed limit of fifty interrogatories. Thus, as they see it, they should not be subjected to the further burden and expense of responding to additional interrogatories in this case. Indeed, after a brief review of Gregg's prior sets of Interrogatories, it is abundantly clear that Defendants' arguments are meritorious and that the entry of a protective order in their favor is warranted. *See generally Jackson*, 2008 U.S. Dist. LEXIS 53310, at *3 ("This court utilizes a common sense, rather than overly technical, approach

to construing subparts of interrogatories.").

With respect to JATC, Gregg's first three sets of Interrogatories articulated 28 numbered Interrogatories with more than 100 subparts. Upon a rather cursory review of just the first two sets, the Court counted at least 52 discrete areas of inquiry—that is, 52 separate interrogatories. *See Holmes*, 2008 WL 656263, at *2; *Jackson*, 2008 U.S. Dist. LEXIS 53310, at *3; *Theobles*, 247 F.R.D. at 485. Of course, reviewing Gregg's third set of Interrogatories with respect to JATC would only increase that number significantly.

As to Nesbitt, Gregg's first three sets of Interrogatories set forth 20 numbered Interrogatories with 88 subparts. The Court upon its review counted at least 76 discrete areas of inquiry in these 20 numbered Interrogatories, constituting 76 separate interrogatories. *See Holmes*, 2008 WL 656263, at *2; *Jackson*, 2008 U.S. Dist. LEXIS 53310, at *3; *Theobles*, 247 F.R.D. at 485. Similarly, in the two sets of Interrogatories he served to Lovitt, Gregg articulated 11 numbered Interrogatories with 48 subparts. Upon review of these Interrogatories, the Court counted at least 51 discrete areas of inquiry, equating to 51 separate interrogatories. *See Holmes*, 2008 WL 656263, at *2; *Jackson*, 2008 U.S. Dist. LEXIS 53310, at *3; *Theobles*, 247 F.R.D. at 485. Therefore, with respect to each of these Defendants, Gregg has clearly exceeded the 50-interrogatory limit agreed to by the parties and entered as an order of this Court.

Furthermore, Gregg has offered no basis for good cause to amend the Court's scheduling order to increase the number of interrogatories. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.").

4

Rather, in response to Defendants' motion, Gregg simply alleges in a conclusory manner that the motion for a protective order is in "bad faith" and is a "stalling tactic". (Resp. Br. 2, 3.)

In sum, because Gregg has already propounded interrogatories to each of these Defendants in excess of the fifty-interrogatory limit established by this Court and he has not established good cause to alter that limit, Defendants' request for a protective order from his fourth set of Interrogatories will be granted.

D.  Conclusion

For the foregoing reasons, Defendants' Motion for a Protective Order and to Strike Plaintiff's Fourth Set of Interrogatories (Docket # 210) is GRANTED; accordingly, Defendants are not required to respond to Plaintiff's Fourth Set of Interrogatories (Docket # 200).

SO ORDERED.

Enter for this 18th day of February, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge